FILED
United States Court of Appeals
Tenth Circuit

January 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RUBEN SERRATO,

    Defendant - Appellant.

No. 15-4070
(D.C. No. 2:06-CR-00851-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

    In 2008, Ruben Serrato pleaded guilty to one count of conspiracy to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The district court granted a three-year downward variance and sentenced him to 199 months of imprisonment, followed by 60 months of supervised release. Despite an appeal waiver in his plea agreement, Serrato appealed but later moved to dismiss his appeal. *See United States v. Serrato*, 336 Fed. Appx. 846 (10th Cir. 2009). On April 15, 2015, based on Amendment 782 to the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sentencing Guidelines, the district court granted a joint motion to reduce Serrato's sentence to 188 months of imprisonment, the low end of his newly applicable advisory sentencing range. On May 4, 2015, Serrato timely filed his notice of appeal.

For this appeal, Serrato's counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 744–45 (1967), stating that no reasonable grounds for appeal exist. Even so, the brief attempts an argument in Serrato's favor. We invited Serrato to respond, but he has not. We conclude that any potential grounds for appeal would be frivolous. We grant defense counsel's motion to withdraw and dismiss the appeal.

BACKGROUND

In 2006, the Salt Lake City District Office of the Drug Enforcement Administration (DEA) received information from a confidential informant regarding a local drug-trafficking organization's heroin, methamphetamine, and cocaine distribution network. The DEA began an undercover operation, which revealed that Serrato supplied the organization's methamphetamine. Though the organization itself was involved in other drugs, Serrato exclusively supplied methamphetamine. After an extensive undercover investigation, a grand jury indicted Serrato on December 6, 2006, charging him with eight counts for conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and firearms charges. Ultimately, Serrato pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), in exchange for dismissal of the other seven counts.

The presentence investigation report calculated Serrato's sentencing-guideline range as 235 to 293 months. The probation office determined this range based on Serrato's total offense level of 33, combined with his criminal history category of VI. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court varied downward by 36 months, sentencing Serrato to 199 months of imprisonment.

In 2009, despite an appeal waiver in his plea agreement, Serrato appealed his conviction and sentence but later voluntarily dismissed it. *See Serrato*, 336 Fed. Appx. at 846. More than five years later, Serrato filed a pro se motion seeking a two-level reduction in his offense level under the United States Sentencing Commission's Amendment 782, which amended the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10. Under the Amendment, Serrato's offense level dropped to 31, which reduced his advisory Guideline range from 235 to 293 months to 188 to 235 months. In response, on April 3, 2015, Serrato's Assistant Federal Public Defender and the Assistant United States Attorney jointly moved to reduce Serrato's sentence to 188 months. The court granted the motion and reduced Serrato's sentence accordingly. As Serrato's counsel explained in the *Anders* brief, "[b]ecause Mr. Serrato had originally received a sentence 36 months below the original guideline range, the requested reduction to the low end of the new guideline resulted in a reduction which is substantially less than what a 2-level reduction would otherwise entail." Appellant's Opening Br. at 3.

DISCUSSION

Because defense counsel has submitted an *Anders* brief, our task is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "Frivolous means lacking a legal basis or legal merit; not serious; not reasonably purposeful." *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011).

Defense counsel raises only one possible issue for our consideration: whether the district court's failure to reduce Serrato's sentence below the post-Amendment 782 sentencing range violates Serrato's right to a jury trial. Specifically, counsel suggests that "[a]lthough the amendment to the Sentencing Guidelines bars modification of a sentence below the newly applicable guideline range during retroactive application proceedings, judges constitutionally must retain discretion to sentence defendants based on individual circumstances." Appellant's Opening Br. at 4. Relying on the principle that criminal defendants have a constitutional right to have a jury decide any issue "essential to punishment" announced in *United States v. Booker*, 543 U.S. 220, 223 (2005), defense counsel submits that disallowing the district court from reducing Serrato's sentence below the reduced range resulting from Amendment 782 somehow might violate Serrato's right to have a jury determine his guilt beyond a reasonable doubt.

The United States Supreme Court has addressed—and disposed of—this issue in *Dillon v. United States*, 560 U.S. 817 (2010). In *Dillon*, the Court held that *Booker*

4

does not apply to § 3582(c)(2) resentencing proceedings such as this. *Dillon*, 560 U.S. at 828 ("[P]roceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt."). As the Court explained, "[b]ecause § 3582(c)(2) proceedings give judges no more than . . . circumscribed discretion, '[t]here is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused.'" *Id.* at 829 (second alteration in original) (quoting *Oregon v. Ice*, 555 U.S. 160, 168 (2009)). Thus, like Dillon, Serrato's "Sixth Amendment rights were not violated by the District Court's adherence to the instruction in § 1B1.10 to consider a reduction only within the amendment Guidelines range." *Id.*

## CONCLUSION

Because Serrato's appeal presents only a frivolous issue, we grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5